IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DEL-A-RAE, | * | |
| Plaintiff, | * | |
| v. | * | CV 415-259 |
| EFFINGHAM COUNTY and EFFINGHAM COUNTY BOARD OF COMMISSONERS, | * | |
| Defendants. | * | |

**O R D E R**

The Court has a scheduled hearing on Defendants' motion for summary judgment for 11:00 a.m. on August 31, 2016. (Doc. 32.) While the parties should be prepared to discuss all matters raised in the motion, the Court is particularly interested in hearing argument on Plaintiff's procedural-due-process claim. Accordingly, the parties should be prepared to thoroughly address the issues outlined below.

Defendants maintain that Plaintiff's procedural-due-process claim fails because adequate state-law remedies exist. A pre-deprivation hearing is not required when holding such a hearing would be impracticable. McKinney v. Pate, 20 F.3d 1550, 1562 (11th Cir. 1994). In general, a pre-deprivation hearing is

impracticable when the deprivation of property is the result of an intentional or negligent deprivation. Id. at 1562-63. In these situations, the deprivation is typically random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 541 (1981), and post-deprivation remedies will often provide all the process an aggrieved party is due because a procedural-due-process violation has not occurred until the state "refuses to make available a means to remedy the deprivation." McKinney, 20 F.3d at 1563. When, however, the state actor is acting pursuant to an established state procedure, a pre-deprivation hearing is not impracticable, and post-deprivation remedies will not satisfy due process. See Rittenhouse v. DeKalb Cty., 764 F.2d 1451, 1455 (11th Cir. 1985).

In this case, Plaintiff takes the position that Effingham County established a procedure under which it added conditions to approved rezoning applications without notice and opportunity to be heard on the conditions. Neither party, however, references O.C.G.A. § 36-66-4, which provides in relevant part:

> (a) A local government taking action resulting in a zoning decision shall provide for a hearing on the proposed action. At least 15 but not more than 45 days prior to the date of the hearing, the local government shall cause to be published within a newspaper of general circulation within the territorial boundaries of the local government a notice of the hearing. The notice shall state the time, place, and purpose of the hearing.

2

O.C.G.A. § 36-66-4. "The express purpose of [the Zoning Procedures Law, O.C.G.A. § 36-66-1 *et seq*.] is 'to establish as state policy' minimum procedural safeguards 'to assure that due process is afforded to the general public when local governments regulate the uses of property through the exercise of the zoning power.'" <u>City of Roswell v. Outdoor Sys., Inc.</u>, 549 S.E.2d 90, 94 (Ga. 2001) (Carley, J., dissenting) (quoting O.C.G.A. § 36-66-2(a)).

The parties should be prepared to discuss whether Defendants' actions were in violation of state law. If they were, the parties should be prepared to address whether that renders them "unauthorized" for procedural-due-process purposes or whether Defendants' alleged policy was nonetheless an "established state procedure." This Order should not be construed as illustrative of exhaustive research or analysis, and the parties are expected to conduct their own research and analysis in preparation for next week's hearing.

**ORDER ENTERED** at Augusta, Georgia this 25th day of Augusta, 2016.

                                                                     HONORABLE J. RANDAL HALL
                                                                     UNITED STATES DISTRICT JUDGE
                                                                     SOUTHERN DISTRICT OF GEORGIA